Vesko **KOZHUHAROV** and Barbara **Boser, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION,** Defendant.

**General Motors Corporation,** **Third-party Plaintiff,**

v.

**Commercial Painting Co., Inc.,** **Third-party Defendant.**

**No. 95–CV–7513.**

United States District Court, W.D. New York.

Nov. 10, 1998.

James W. Kirkpatrick, Buffalo, NY, for plaintiff.

Dennis P. Glascott, Kevin A. Ricotta, Buffalo, NY, Arnold Weiss, New York City, for defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

Before the Court is a motion [# 77] by the plaintiffs, who, pursuant to Fed.R.Civ.P. 54(d)(1), seek review of the bill of costs [# 76] taxed against them by the Clerk of the Court. Specifically, the plaintiff requests that this Court strike the taxation of $8,305.93 incurred by the defendant, General Motors Corporation, for the photocopying and preparation of trial exhibit books. For the reasons that follow, this motion is granted in part and denied in part.

## BACKGROUND

The facts of this action were recounted in detail in a Decision and Order of this Court dated June 16, 1998, and will not be repeated here. It is sufficient to note that this is a personal injury action, wherein the plaintiff alleged that he was injured while working at a facility owned by General Motors Corporation ("GMC"). The action was tried before a jury on June 15 through June 23, 1998, and resulted in a jury verdict for the defendant. When the action was commenced in 1995, the defendant, GMC, believed that certain contractors who had performed work at GMC's facility were responsible for the plaintiffs' injuries. As a result, GMC commenced a third-party action against those contractors. In late January of 1998, the parties inspected GMC's plant, and GMC realized that most of the third-party defendants that it had sued could not have been responsible for the plaintiff's injuries, and that other contractors who had not been sued may have been responsible. However, trial was scheduled for June 15, 1998. On March 31, 1998, GMC moved to amend the Court's pretrial order to postpone the trial date, and for leave to add two new third-party defendants. The Court heard oral argument on this motion on June 4, 1998.

Also on June 4, 1998, the parties exchanged pretrial materials. On March 20, 1998, the Court had issued a Pretrial Order. That order stated, in relevant part

Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case.... Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted at the final pretrial conference.... In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

Pursuant to the pretrial order, the parties were required to exchange their exhibit lists on June 4, 1998. GMC intended to introduce more than fifty exhibits at trial, accordingly it prepared a trial exhibit notebook. GMC's trial exhibit notebook consisted of two large, three-ring binders, each containing hundreds of pages of photographs and diagrams. GMC had a commercial printer prepare ten such trial exhibit notebooks, at a total cost of $8,305.93. GMC states that the ten trial exhibit notebooks were for the following:

1. The Court
2. The witness on the stand
3. The plaintiffs
4. Third-party defendant Commercial Painting
5. Third-party defendant Sanders
6. Proposed third-party defendant Walter S. Johnson Building Co., Inc.
7. Proposed third-party defendant Asbestos Removal Services, Inc.
8. GMC's Lockport Delphi–Harrison Plant Staff
9. GMC's counsel
10. An extra copy

On June 15, 1998, the date scheduled for trial, the Court had not yet ruled on GMC's motion, due to the fact that the parties had represented to the Court that there was a strong possibility of settlement. When the parties did not settle, the Court proceeded with jury selection. On June 16, 1998, the Court issued its Decision and Order [# 69], denying GMC's application in its entirety. In that Decision and Order, the Court found that GMC had been "derelict" in not bringing its motion sooner, and that such an amendment would have been prejudicial to the proposed new defendants. That same day GMC discontinued its third-party action against Sanders. Accordingly, the trial proceeded with only the parties captioned above.

On June 23, 1998, the jury returned a verdict for the defendant, and on August 24, 1998, the Clerk of the Court awarded costs to the defendant, including the aforementioned $8,305.93 for the preparation trial exhibit books. Following the Clerk's taxation of costs against them, the plaintiffs moved to have this Court strike the entire award of costs for the preparation of the trial exhibit notebooks. The plaintiffs claim that the defendants never intended to introduce most of their exhibits at trial, and that many of the exhibits are irrelevant and duplicative. GMC contends that all of the exhibits were relevant to the action, and that while it did not introduce most of the exhibits at trial, it needed to include them in the notebook in order to preserve its rights in the event that it had chosen to offer them. Neither party has cited any legal authority to support their position.

## ANALYSIS

Fed.R.Civ.P. 54(d)(1) states, in relevant part, that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Pursuant to 28 U.S.C. § 1920, the Court may tax as costs, among other things, "[f]ees and disbursements for printing" as well as "[f]ees for ... copies of papers necessarily obtained for use in the case." Rule 54(d)(1) further states that such costs may be taxed by the clerk, and that "[o]n motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." The Court reviews the clerk's taxation of costs de novo. *See, Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The decision to award costs to a prevailing party rests within the sound discretion of the district court. *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

The Court finds that pursuant to the Pretrial Order, GMC was required to produce only five trial exhibit notebooks: One for the court, one for the witness on the stand, one for the plaintiffs, one for Commercial Painting, and one for itself. The other five notebooks were not necessary for use at trial. The notebook for GMC and the spare notebook were prepared for the convenience of the defendant. The notebook for Sanders was unnecessary, since GMC discontinued its action against Sanders at the beginning of the trial. Finally, the remaining two notebooks were prepared for the two proposed third-party defendants who were never parties to the action. Moreover, the defendant cannot contend that it was necessary to prepare those two exhibit books so as to be prepared in the event the Court granted its motion. Clearly, if the Court had granted GMC's motion to add the two new third-party defendants, the trial would have been postponed, and GMC would have had time later to prepare the two additional exhibit books. Accordingly, since the Court finds that the plaintiffs should only be taxed with the cost of preparing five trial exhibit notebooks instead of ten, the taxation of costs for

photocopying will be reduced by half, from $8,305.93 to $4,152.96.

## CONCLUSION

The plaintiffs' motion [# 77] is granted in part and denied in part. The Clerk of the Court is directed to reduce the taxation of costs for photocopying and preparation of trial exhibit notebooks from $8,305.93 to $4,152.96. The other costs taxed by the clerk are not challenged, and are therefore affirmed.

So ordered.